IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GRIMSTAD SHIPPING CO., LTD.,

    Plaintiff,

  v.

SPT, LTD., SPT, INC., and SPT MARINE TRANSFER SERVICES, LTD.,

    Defendants.
                                        /

No. C 13-05657 WHA

**ORDER RE EX PARTE APPLICATION FOR MARITIME ATTACHMENT AND GARNISHMENT**

        On December 6, plaintiff filed a verified complaint alleging breach of contract and a "claim arising out of maritime lien on sub-freights." Plaintiff alleges that there is admiralty jurisdiction under 28 U.S.C 1333. The same day, plaintiff also filed an *ex parte* application for judicial review regarding martime attachment and an *ex parte* application for the appointment of a private process server. Plaintiff attached a declaration stating that defendants could not be located within this district.

        On December 9, plaintiff's counsel (or a registered process server) was appointed to serve the pleadings in this action upon garnishee, Wells Fargo HSBC Trade Bank. Later that day, plaintiff filed a notice of pendency of *Grimstad Shipping Co. Ltd. v. SPT, Ltd. et al.*, No. 13-cv-8702, currently pending in the Southern District of New York. Plaintiff states:

> The New York action involves a material part of the same subject matter as this action, in that both actions arise out [of] a breach of a maritime charter party (lease of a ship). Both actions seek, pursuant to Supplemental Admiralty Rule B, to attach funds in Defendants' bank accounts located in the Northern District of California and the

Southern District of New York (up to the amount prayed for in the respective Complaints), where Defendants themselves cannot be found.

(Dkt. No. 15). Plaintiff argues that transfer would not be appropriate under 28 U.S.C. 1407 because there are only two actions, each of them based on defendants' bank accounts in the districts, and each of them arising out of a contract with an arbitration clause, "pursuant to which both actions will likely be stayed." On December 9, Judge Edgardo Ramos in the Southern District of New York directed the clerk to issue process of maritime attachment and garnishment and appointed plaintiff's counsel to serve the order and process of maritime attachment and garnishment on the garnishee, Den Norske Bank (Dkt. No. 15-2).

This Court has reviewed the verified complaint and supporting declaration filed in this action, dated December 6, and finds that the conditions of Supplemental Admiralty Rule B are sufficient at this time. That is, plaintiff has demonstrated that defendants may not be found within this district at this time.

Accordingly, it is hereby **ORDERED** that process of maritime attachment and garnishment shall issue against all tangible and intangible property belonging to or being held for defendants by Wells Fargo HSBC Trade Bank, upon whom a copy of the process of maritime attachment and garnishment may be served, in an amount of up to $14,390,304 USD, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

Any person claiming an interest in any property attached or garnished pursuant to this order shall, upon application to the Court, be entitled to a prompt hearing at which the plaintiff shall be required to show why the attachment and garnishment should not be vacated.

As stated in this Court's December 9 order, plaintiff's counsel (or any registered process server) is appointed to serve the pleadings in this action (including this order) upon the garnishee, Wells Fargo HSBC Trade Bank.

Each garnishee possessing funds, credits, wire transfers, electronic funds transfers, accounts or other assets of defendants shall retain such assets or turn them over to the United States Marshal pending further order of the Court.

**IT IS SO ORDERED.**

Dated:   December 10, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3